IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case Number 08 C 4464 |
| | ) | |
| v. | ) | Judge Dow |
| | ) | |
| MANGALICK ENTERPRISES, INC., d/b/a IAC INTERNATIONAL, | ) ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**PLAINTIFF NATIVE AMERICAN ARTS, INC.'S MOTION TO COMPEL AND MOTION FOR SANCTIONS AGAINST DEFENDANT MANGALICK ENTERPRISES, INC. D/B/A IAC INTERNATIONAL**

Plaintiff, Native American Arts, Inc., ("NAA") by its attorney Michael Patrick Mullen of the law firm of Mullen & Foster, moves this Honorable Court for an Order requiring that the Defendant Mangalick Enterprises, Inc. d/b/a IAC International ("Mangalick") provide responsive answers to Plaintiff's Interrogatories and comply with Plaintiff's Request for Production of Documents. In support, Plaintiff states as follow:

On November 12, 2008, Plaintiff issued written discovery requests to Mangalick consisting of Interrogatories and Document Production Requests.

On November 25, 2008, Defense Counsel sent Plaintiff's counsel an email requesting a one month continuance until January 12, 2009 to respond to Plaintiff's discovery requests. In the spirit of cooperation, Plaintiff agreed to Defendant's request for an extension.

On January 12, 2009, Mangalick provided its responses and objections to Plaintiff's written discovery requests. (A copy of Plaintiff's Interrogatories and Document Production Requests with Defendant's responses is attached hereto as Exhibit A). Defendant's responses were wholly inadequate including the production of zero documents.

1

Following cancellation of one appointment by Defense Counsel, on January 22, 2009, Plaintiff's Counsel went to Defense Counsel's law office to review Defendant's alleged document production. At this time, Defendant's production was incomplete at best. Defendant only made available for inspection a few documents and produced none.

Following the meeting, Defense Counsel agreed to follow-up with his client regarding the production of additional documents but, as of time of filing this motion, Plaintiff has received no additional documents nor has Defendant made available for inspection any additional documents.

On January 23, 2009, Plaintiff's Counsel sent Defense Counsel a correspondence stating that Defendant needed to produce relevant documents by January 30, 2009 or Plaintiff would have to move forward with a motion to compel. Defense Counsel's only response was an email communication on January 23, 2009 stating that "I will call you next week to discuss these issues ****. Despite his assertions, and follow up calls by Plaintiff's counsel, Defense Counsel never contacted Plaintiff's Counsel.

On February 3, 2009, after not hearing from Defense Counsel or receiving discovery supplementations, Plaintiff sent Defendant a Rule 37(2) correspondence outlining the deficiencies in Defendant's responses. (See Rule 37(2) Correspondence attached as Exhibit B). Because of Defense Counsel's continuous tactic of refusing to call Plaintiff's counsel or return calls from Plaintiff's counsel as well as other delaying techniques, the 37(2) letter stated that Plaintiff's Counsel would contact Defense Counsel shortly but if it did not receive any communication from Defense Counsel that it would be forced to file a motion to compel promptly. As of the time of filing, despite additional phone calls from Plaintiff's Counsel, Defense Counsel has not responded to Plaintiff's Rule 37(2) letter or supplemented its deficient discovery responses.

In addition, on November 4, 2008, this Court ordered Defendant to produce its Rule 26(a)(1) Disclosures by November 18, 2009. This was following Defense Counsel's refusal to participate or respond to Plaintiff's proposed Joint Status Report which Plaintiff was forced to file unilaterally on October 28, 2009. Although Defendant did produce its Rule 26(a)(1) Disclosures on November 19, 2009, Defendant did not produce or make available referenced documents. Since that time, despite repeated inquiries by Plaintiff's Counsel and assurances by Defense Counsel that said documents would be produced by the January 12, 2009 extension date, Defendant has not produced or made available these documents.

Overall, Defendant's and Defense Counsel's actions regarding discovery in this case have been directly contrary to the intent and plain meaning of Rule 37. Defense Counsel's continuous delaying tactics and refusals to participate in the discovery process are severely prejudicing Plaintiff's prosecution of this matter and adversely burdening this Court. That being said, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel on the following issues:

1. Identification of, and documents related to, each person, retailer, wholesaler, distributor, sales representative or business located in the Northern District of Illinois to whom Mangalick has sold Indian-style products. **(Interrogatory No. 4; Production Request No. 5)**.

2. Identification of, and documents related to, each Indian product Mangalick has sold, displayed, advertised, marketed or offered for sale to persons, retailers, wholesalers, distributors, sales representatives, or businesses including but not limited to product name, product number, UPC number, sales price, product description used on invoice, product description used in catalog, and any catalog identification number. Defendant's production referred to in its answer and any reference to an internet website is wholly incomplete and non-responsive. **(Interrogatory No. 3; Production Request No. 5)**.

3. Identification of, and documents related to, the sale of Indian-style products by Mangalick to any person, retailer, wholesaler, distributor, sales representative or business located in the Northern District of Illinois including, but not limited to, all advertising and marketing materials, product catalogs, invoices, purchase orders, indemnity contracts, and documentation for products returned to Mangalick. **(Interrogatory No. 5; Production Request No. 5)**.

3

4. Identification of, and documents related to, any advertising materials including but not limited to catalogs, brochures, sales literature, internet displays, or other written or oral representations which Mangalick uses or has used to advertise, market or display Indian or Indian style products. **(Interrogatory No. 9; Production Request No. 4)**.

5. Identification of, and documents related to, any wholesaler, manufacturer or supplier from whom Mangalick has purchased Indian products, and describe the nature of these transactions and any affixation or alteration of advertising tags by Mangalick or any wholesaler, manufacturer, or supplier of which Mangalick has knowledge. **(Interrogatory No. 7; Production Request No. 6)**.

6. Identification of, and documents related to, Mangalick's purchase of Indian-style products including, but not limited to, all suppliers' marketing and advertising materials, product catalogs, invoices, purchase orders and indemnity contracts. **(Interrogatory No. 8; Production Request No. 6)**.

7. Identification of any documents, forms, methods, procedures, and policies regarding Mangalick's advertising, marketing or display or Indian products.  **(Interrogatory No. 10; Production Request No. 4)**.

8. State Mangalick's gross profits in each years 2004, 2005, 2006 and 2007 for each Indian product Mangalick sold including but not limited to all Indian products specified and made exhibits in the Complaint. **(Interrogatory No. 12; Production Request No. 11)**.

9. Identification of the accounting methods and documents used and the accounting records used for the purchase, inventory, and sale of Indian-style products including the method of identifying products for accounting purposes such that one can determine quantities sold, location of sales, dates of sales and amount thereof. **(Interrogatory No. 14)**.

10. Identification of all persons including but not limited to sales representatives or agents involved in the sale or advertisement of Mangalick Indian or Indian style products to any person or business located in the Northern District of Illinois and identification or which entities were solicited and describe the Indian products and attached advertising tags which were sold or advertised by said representatives. **(Interrogatory No. 18)**.

11. Identification of, and documents related to, any use of any disclaimer that an Indian-style product at issue is not Indian-made or an Indian product under 25 U.S.C. §305e including the time period of use, the source, exact nature, use and wording of any such disclaimer and any documents related thereto. **(Interrogatory No. 13; Production Request No. 15)**.

12. If it is asserted that any products sold by Mangalick were manufactured by any member of an Indian tribe, a member of an Indian Arts and Crafts Organization, or a certified Indian artisan, as those terms were used in 25 U.S.C. § 305(e), identify such person including name, address, social security number, tribal affiliation, date of enrollment and identify

4

documents that demonstrate such person's status. Defendant's answer that it is "unknown" is improper. **(Interrogatory No. 17)**.

13. Identification of, and documents related to, all trade or gift shows or similar shows where Mangalick advertised, marketed or sold products which Mangalick or Mangalick's sales representatives have attended in Illinois and identification of the products and relevant documents associated with said sales. **(Interrogatory No. 19; Production Request No. 17, Production Request No. 9)**.

14. Identification of all packaging used on any and all Indian-style products and any supplier or printer who provided Mangalick with catalogs, brochures, advertising or marketing materials, advertising tags, hangtags or backing cards, for the use in the sale of Indian-style products by you. **(Interrogatory No. 20)**.

15. Identification of, and documents related to, all relevant insurance companies since January 1, 2003 and production of all related documents. **(Interrogatory No. 23; Production Request No.'s 16 and 17)**.

16. All documents relating to any internet facilities used to advertise, market or sell your products including, but not limited to, any documents regarding changes to any such internet facilities. **(Production Request No. 7)**.

17. All documents regarding assets, liabilities and net worth of Mangalick and at 12-31-03, 12-31-04, 12-31-05, 12-31-06 and 12-31-07 and financial statements for the last four fiscal years. **(Production Request No. 10)**.

18. All documents relating to Mangalick's annual sales, cost of goods sold, inventory value and gross profit per product and total on all Indian-style products sold by Mangalick for the following years: 2003; 2004; 2005; 2006 and 2007 for both the Northern District of Illinois and nationally. **(Production Request No. 11)**.

19. All documents relating to the importation of Indian-style products including, but not limited to, any customs forms and documents. **(Production Request No. 14)**.

Plaintiff requests the Court order Defendant to produce said information/documentation and that the materials be segregated according to the categories set forth above and as required by F.R.C.P. 34 including specifically specifying which documents are responsible to which interrogatory.

## MOTION FOR SANCTIONS

5

Plaintiff, Native American Arts, Inc., ("NAA") by its attorney Michael Patrick Mullen of the law firm of Mullen & Foster, moves this Honorable Court for an Order granting Plaintiff's Motion for Sanctions. In support, Plaintiff states as follow:

The letters and facts set forth above clearly establish that Defendant is and has been erecting roadblocks towards Plaintiff in moving discovery forward.[1] At issue now is Defendant's refusal to provide proper responses to Plaintiff's discovery requests including the production of relevant documents. Also at issue is Defense Counsel's continuous refusal to communicate with Plaintiff's Counsel in an unfortunate attempt to delay this case. Now, nearly two months after Defendant's discovery responses were due and after Defense Counsel agreed to produce responsive documents at his office in Chicago, Defense Counsel has not done so.

Accordingly, as the sanction imposed upon Defendant for its dilatory conduct and uncooperation and necessitating this motion, Plaintiff respectfully requests that this Honorable Court award it attorneys fees and costs regarding Plaintiff's filing of the pending Motion to Compel and Motion for Sanctions.

WHEREFORE, Plaintiff Native American Arts, Inc. respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel and Motion for Sanctions.

        Respectfully submitted,

        /s/ Michael P. Mullen
        One of the attorneys for Plaintiff

Michael Patrick Mullen
MULLEN & FOSTER
203 N. Wabash Ave., Suite 2300
Chicago, IL 60601

---

[1] This dates back to October, 2008 when Defendant refused to respond to Plaintiff's proposed Joint Status Report or provide its mandatory Rule 26(a)(1) Disclosures absent the Court's November 4, 2008 order.