JKB/cic/ls3/596376                                                                                                                                    2873-24-51

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08 CV 4464 |
| | ) | |
| MANGALICK ENTERPRISES, INC. d/b/a | ) | Judge Durkin |
| IAC INTERNATIONAL, | ) | |
| | ) | Magistrate Judge Cole |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND SANCTIONS

Defendant, Mangalick Enterprises, Inc., by and through its attorneys, Tressler LLP, hereby moves for attorneys' fees and sanctions against Plaintiff Native American Arts, Inc., and its counsel pursuant to Federal Rule of Civil Procedure 41 and 19 U.S.C. § 1927.

### I.     PROCEDURAL HISTORY

This case has been pending since August 7, 2008 when Plaintiff sued Defendant for millions of dollars in damages. (ECF 1). In its Complaint, Plaintiff also sought attorneys' fees and costs. In its Answer to Plaintiff's Complaint Defendant sought its attorneys' fees and costs in being forced to defend this lawsuit. (ECF 59).

From its inception, this case has been hotly contested with significant motion practice and discovery undertaken, including expert discovery. Throughout this case, Defendant was stymied by Plaintiff's dilatory conduct.

On November 23, 2010, this Court ordered Plaintiff to serve its expert reports by January 14, 2011. (ECF 86). On January 18, 2011 Plaintiff filed a motion for extension of this deadline, which this Court granted on January 20, 2011, extending the date for Plaintiff's disclosure to February 18, 2011. (ECF 89). On February 23, 2011 Plaintiff made an oral motion to again

extend its expert disclosures, which this Court granted, requiring Plaintiff to disclose all expert report(s) by April 8, 2011. (ECF 91). On March 18, 2011 Plaintiff served Defendant with its expert Tony Erachio's report.

On April 27, 2011 Plaintiff filed another motion for extension to name an additional expert. Although filed as an agreed motion, Defendant objected to the motion. (ECF 93, 95). Over Defendant's objection, the Court granted Plaintiff's motion, and ordered that any additional expert report be served by May 26, 2011. (ECF 97).

On June 9, 2011 and July 19, 2011, the Court again extended the date for Plaintiff to disclose expert discovery. (ECF 103). The July 19 order required Plaintiff to disclose experts by September 16, 2011. (ECF 104). On October 11, 2011 the Court again extended the date for Plaintiff's expert disclosure to December 12, 2011. (ECF 105).

On December 7, 2011 Plaintiff served Defendant with a report from yet another expert, James Berger. On December 11, 2011 Plaintiff served Defendant with a supplemental report from Berger.

On January 31, 2012, Defendant served Plaintiff's counsel with notices of deposition for Plaintiff's experts Berger and Erachio. The notice contained a rider requesting that a number of categories of documents be produced at the depositions, including all communications between counsel and the expert, and all documents and materials reviewed by the expert. On February 1, 2012, Defendant also requested that Berger produce his entire file from the related case *Native American Arts v. Waldron*, which was referenced in his report.

Defendant deposed Berger on February 3, 2012. However, Berger inexplicably failed to produce many of the items requested. As a result, Berger's deposition was left open pending the production of the missing documents.

2

At a status hearing on March 2, 2012, Defendant's counsel advised the Court of the deficiencies of Plaintiff's expert production. (ECF 108). On April 10, 2012, Defendant's counsel sent Plaintiff's counsel an email noting that Defendant had still not received any of the numerous items that were requested that Berger was supposed to produce at his deposition and requested that they be produced as soon as possible. Plaintiff's counsel responded to the April 10 email that he was having health problems. On April 13, 2012, Defendant filed a motion to compel and extend the date for expert disclosures. (ECF 94). On April 18, 2012, the Court granted Defendant's motion.

On April 19, 2012, Defendant's counsel sent by email asking Plaintiff's counsel to produce the materials. On May 16, 2012, Defendant's counsel sent an email to Plaintiff's counsel indicating that he had not received any response and again asking when the documents would be produced. Plaintiff's counsel responded that he would get back to Defendant's counsel within 7-10 days.

On July 24, 2012, Plaintiff again filed a motion to extend time to complete discovery. (ECF 98). On July 30, 2012, this Court granted Plaintiff's motion. (ECF 113).

At a status hearing on February 6, 2013, Defendant raised the fact that Plaintiff had still not complied with expert discovery. At that time, the Court ordered Plaintiff to comply by February 20, 2013. (ECF 121).

On February 10, 2013, Defendant's counsel sent Plaintiff's counsel an email resending the email sent to him back on April 10, 2012 and again asking that he provide additional documents. Plaintiff's counsel responded by requesting a copy of his expert's deposition transcript.

On March 22, 2013, Defendant's counsel sent an email to Plaintiff's counsel noting that

3

Defendant had not received the subject documents which were long overdue, and as a result Defendant had still not been able to have its experts start their work on this case. Plaintiff's counsel responded by indicating that he was late because he had just received the requested deposition materials, but that he agreed that an extension was justified.

On March 28, 2013, Plaintiff's counsel sent a letter to Defendant's counsel for the first time raising objections to the requests. At a status hearing on April 1, 2013, Defendant raised the fact that Plaintiff had still not complied with expert discovery. (ECF 125). At that time, the Court set the matter for status to April 10, 2013. On April 8, 2013, Plaintiff's counsel sent an email, but failed to produce additional documents. On April 19, 2013, Defendant's counsel sent Plaintiff's counsel an email noting the inadequacies of Plaintiff's responses and production. At the April 10, 2013 status hearing, Defendant's counsel reported that Plaintiff's counsel had still not complied with expert discovery. The Court then ordered a briefing schedule on a motion to compel. (ECF 126). The Court compelled Plaintiff to produce the missing documents and also to produce Berger for a second deposition (ECF 132).

The Court ordered that Berger's second deposition be completed by January 15, 2014. (ECF 164). On November 1, 2013, Plaintiff produced 650 additional documents that should have been produced before Berger's first deposition. On November 6, 2013, Plaintiff produced 650 additional documents that should have been produced before Berger's first deposition. On November 6, 2013, Plaintiff produced 2,592 additional documents that should have been produced before Berger's first deposition. On November 6, 2013, Plaintiff produced 2,592 additional documents that should have been produced before Berger's first deposition. On November 15, 2013, Plaintiff produced 3 additional documents that should have been produced before Berger's first deposition. On December 5, 2013, Plaintiff produced 29 additional

4

documents that should have been produced before Berger's first deposition. On December 17, 2013, Plaintiff produced 5 additional documents that should have been produced before Berger's first deposition. On December 23, 2013, Plaintiff produced 10 additional documents that should have been produced before Berger's first deposition. On December 26, 2013, Plaintiff produced 2 additional documents that should have been produced before Berger's first deposition. (Copies of emails showing the production of these documents is attached hereto as Group Ex. A).

The parties confirmed Berger's second deposition on December 16, 2013 for January 2, 2014 pursuant to Magistrate Judge Cole's Order. (Ex. B). Defendant then began preparing for the second deposition of Plaintiff's expert James Berger.

Without any prior notice or explanation, on December 30, 2013, after Defendant's counsel had already prepared for the deposition, Plaintiff suddenly and out of the blue filed a motion to dismiss this case without prejudice. (ECF 169). Plaintiff scheduled that motion for presentment on January 8, 2014, *after* the scheduled court ordered deposition, and on a date Defendant's counsel was scheduled to be on a jury trial in another matter which was scheduled to start on January 3, 2014. (ECF 170).

On December 31, 2013, Plaintiff's counsel, Peter Lubin, called and spoke with Magistrate Judge Cole ex parte to request an immediate hearing regarding the deposition. As a result of Plaintiff's counsel's ex parte[1] communication, Magistrate Judge Cole entered an Order requesting an immediate conference call at the chambers. (ECF 171). During that call, Magistrate Judge started the call by indicating that Mr. Lubin told him that Defendant's counsel

---

[1] Plaintiff's counsel has now admitted that he called Magistrate Judge Cole's chambers and spoke with Magistrate Judge Cole without Defendant's counsel being on the telephone with him. (ECF 182 at 1; *see also* Ex. D, email from Plaintiff's counsel to Defendant's counsel indicating the Court would be issuing an order as a result of his ex parte communications). That is clearly improper under the ethical rules. If Plaintiff wanted to schedule a conference, the proper avenue under the rules is to file a properly noticed motion with the Court, not to call and speak with a judge ex parte and convincing him to schedule a hearing.

was not allowing Plaintiff's counsel to attend his daughter's birthday party. Defendant's counsel objected to Mr. Lubin's ex parte communication, and explained to Magistrate Judge Cole that Mr. Lubin's ex parte communications were not only improper but false, and also that Plaintiff had filed a Motion to Dismiss the case without prejudice set for January 8, 2014. Magistrate Judge Cole's response was that given how long the case has been pending, the case would never be dismissed without prejudice at this stage. Defendant's counsel suggested that given the pending motion to dismiss the deposition should be continued. Magistrate Judge Cole ruled that Berger's deposition must proceed as scheduled due to the looming cutoff date.

Despite Magistrate Judge Cole's admonition, Plaintiff proceeded with his Motion to Dismiss the case without prejudice. The parties appeared before this Court on January 8, 2014.[2] At that time, the Court dismissed the case without prejudice, but indicated it would dismiss the case with prejudice and set the case for status on January 29, 2014 to allow the parties to discuss a possible agreement on Defendant's request to be reimbursed its attorney's fees and costs. Ignoring the Court's Order, on the very next day, January 9, 2014, despite knowing that Defendant's counsel was on trial (Ex. C), Plaintiff filed a motion for a settlement conference. (ECF 174). That motion was scheduled for presentment on January 15, 2014, again when Plaintiff's counsel knew Defendant's counsel was going to be on trial. At the January 15, 2014 presentment hearing, the Court denied Plaintiff's motion for a settlement conference and dismissed the case with prejudice. (ECF 175). Although the Court dismissed the case without costs, the Court indicated that it would hear any motions regarding requests for costs or fees when those were filed. On January 16, 2014 Plaintiff filed yet another motion, this time to have the Court reconsider its decision to dismiss the case with prejudice. (ECF 178).

---

[2] Despite being told Defendant's counsel was on trial and requesting that the motion be reset (Ex. C), Plaintiff's counsel refused to reset the motion presentment, further demonstrating his uncivil conduct.

## II. ARGUMENT

Federal Rule of Civil Procedure 41 provides that a court has ample authority to award attorney's fees as a term and condition of voluntary dismissal in order to protect a defendant. *Cauley v. Wilson,* 754 F.2d 769, 771-72 (7th Cir. 1985); *Yoffe v. Keller Indus. Inc.,* 580 F.2d 126 (5th Cir. 1978).

Sanctions are also proper under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Its purpose "is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them" and "to deter unnecessary delays in litigation". *Kapco Mfg. Co. v. C&O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989); *H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8.* The absence of subjective bad faith is not enough to avoid sanctions under Section 1927 if the conduct is objectively unreasonable. In other words, a finding of malice or ill will is not necessary, and reckless indifference is sufficient. *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985).

The nature, timing and circumstances of Plaintiff's motion to dismiss this case cause great concern. The timing of a motion to dismiss can be the basis for an award of sanctions under Section 1927. *Steimel v. Inc. Village of Rockville Centre,* 965 F.Supp. 366 (E.D.N.Y. 1997).

First, the motion was filed without any consultation with Defendant's counsel and sought to dismiss the case without prejudice. This after this case was hotly litigated for more than 5 years, the parties completed extensive motion briefings, fact discovery and had undertaken

7

extensive expert discovery and were on the verge of the case being decided on the merits. By seeking to dismiss the case without prejudice, Plaintiff sought to preserve its right to refile the lawsuit at a later time. Seeing through this procedural gamesmanship, both this Court and Magistrate Judge Cole refused to allow this case to be dismissed without prejudice.

Second, the timing of Plaintiff's motion is incredible. Plaintiff had just produced thousands of additional documents and confirmed its expert's deposition less than two weeks earlier. After Defendant was forced to review these documents and prepare for the deposition, Plaintiff inexplicably filed a motion to dismiss this case without any explanation as to why it was now deciding to seek such a dismissal. Also, Plaintiff noticed the motion for presentment *after* the Court had ordered its expert's deposition to proceed. As a result, Defendant was forced to incur the expense of preparing for and taking Plaintiff's expert's deposition.

The obvious question that must be asked is why Plaintiff waited until the eve of its expert's deposition (and after just producing thousands of additional documents) to move to voluntarily dismiss the case? There is no good explanation for this gamesmanship. Defendant was needlessly forced to incur the expense of reviewing all of these documents, preparing for and taking Plaintiff's expert's deposition, which could have been avoided had Plaintiff timely noticed its motion. Plaintiff and its counsel, not Defendant, should bear this expense.

Plaintiff's actions since filing the motion to dismiss have continued to needlessly multiply these proceedings. On January 8, 2014 the Court set the case for status on January 29, 2014 to allow the parties time to discuss a possible agreement on Defendant's request to be reimbursed its attorney's fees and costs. Ignoring the Court's Order and this schedule, on the very next day, January 9, 2014, despite knowing that Defendant's counsel was on trial, Plaintiff filed a motion for a settlement conference. That motion was scheduled for presentment on

January 15, 2014, again when Plaintiff's counsel knew Defendant's counsel was going to be on trial. At the January 15, 2014 presentment hearing, the Court denied Plaintiff's motion for a settlement conference. On January 16, 2014 Plaintiff filed yet another motion, this time to have the Court reconsider its decision to dismiss the case with prejudice. (ECF 178).

The procedural history of this case shows that for years Plaintiff has caused Defendant to incur a tremendous amount of needless expense. Plaintiff by its actions has multiplied these proceedings and as a result sanctions and an award of attorneys' fees are clearly appropriate.

### III. CONCLUSION

WHEREFORE, Defendant, Mangalick Enterprises, Inc., prays that this Honorable Court enter sanctions against Plaintiff Native American Arts, Inc. and its counsel and for such further relief as this Court deems just and appropriate.

                              MANGALICK ENTERPRISES, INC.

                              By: /s/James K. Borcia
                                  One of Its Attorneys

James K. Borcia (jborcia@tresslerllp.com)
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000
Fax: (312) 627-1717

9