# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NATIVE AMERICAN ARTS, INC.,

    Plaintiff,

v.      No. 08 C 4464

MANGALICK ENTERPRISES, INC.,      Judge Thomas M. Durkin

    Defendant.

## MEMORANDUM OPINION AND ORDER

### Background

Plaintiff's original counsel in this case became ill during the course of the litigation, which has spanned more than five years. R. 155 ¶ 3. Plaintiff's current counsel first appeared in the case on August 16, 2013, more than five years after the case was filed. R. 143. Plaintiff's original counsel passed away on September 18, 2013. R. 155 ¶ 3.

On December 30, 2013, Plaintiff moved to dismiss the case without prejudice. R. 169. At the motion hearing on January 8, 2014, Plaintiff's counsel stated that he and Plaintiff had decided to concentrate Plaintiff's and counsel's resources in pursuit of another related case and no longer wished to pursue this case.

On January 15, 2014, the Court dismissed this case with prejudice with each side to bear its own costs. R. 175. The next day, January 16, Defendant moved for costs under Federal Rule of Civil Procedure 54, and for attorneys' fees under 25 U.S.C. § 305e. R. 176. That same day, January 16, Plaintiff moved to have the Court

reconsider its dismissal of the case with prejudice and sought a dismissal without prejudice. R. 178. On January 20, Defendant moved for attorneys' fees and sanctions pursuant to Rule 41 and 19 U.S.C. § 1927. R. 183.

## Analysis

### I. Costs

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." A decision to dismiss a case without prejudice under Rule 41(a)(2) is within the Court's reasoned discretion. *See Wells Fargo Bank, N.A. v. Younan Props., Inc.*, 737 F.3d 465, 467 (7th Cir. 2013).

As the Court's order of January 15 provides, the Court never intended for Plaintiff's counsel to bear any costs. The Court, however, mistakenly dismissed the case with prejudice, and Federal Rule of Civil Procedure 54(d)(1) requires assessment of costs upon dismissal with prejudice. *See Mother and Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003). Considering the circumstances of the untimely death of Plaintiff's original counsel, it is not appropriate for Plaintiff's current counsel to bear the costs of Plaintiff's decision to concentrate its resources on another related case. Defendant will not be prejudiced by this decision because the two cases are related, and the time and effort Defendant put into defending this case is at least somewhat applicable to the related case that Plaintiff will continue

to pursue. Thus, the Court vacates it dismissal of the case with prejudice, R. 175, and dismisses the case without prejudice, with each side to bear its own costs.

## II.     Fees Under 28 U.S.C. § 1927

Defendant seeks sanctions and an award of attorneys' fees pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Defendant's brief recites a litany of alleged delays caused by Plaintiff's former counsel who has passed away. The only allegation of "unreasonably and vexatiously" "multipli[ng]" the proceedings against Plaintiff's current counsel is that he produced many documents in preparation for an expert deposition that was already scheduled when he took over the case, which was then canceled when Plaintiff determined to discontinue this case and proceed with the related case. These circumstances do not evince "gamesmanship" or unreasonable delay as Defendant contends. R. 183 at 8. The Court will not award sanctions or attorneys' fees on this basis.

## III.    Fees Under 25 U.S.C. § 305e

Defendant also seeks an award of attorneys' fees pursuant to 25 U.S.C. § 305e, which provides:

> (b) A person specified in subsection (d) may, in a civil action in a court of competent jurisdiction, bring an action . . . [for certain statutory harm].
>
> (c) In addition to the relief specified in subsection (b), the court may award punitive damages and the costs of the civil action and a reasonable attorney's fee.

The plain terms of subsection (b) apply only to a "person" who may "bring an action" for certain statutory harm. Subsection (c), which provides for attorneys' fees, is expressly an addition to the "relief specified in subsection (b)." Since the "relief specified in subsection (b)" is only available to a "person" who may "bring an action" for certain statutory harm, any person who has not brought such an action may not seek attorneys' fees. Defendant has not brought such an action against Plaintiff here. Thus, the statute does not provide Defendant a right to attorneys' fees.

## Conclusion

For the foregoing reasons, (1) Defendant's motion for fees and costs, R. 176, is denied; (2) Defendant's motion for fees and sanctions, R. 183, is denied; and (3) Plaintiff's motion for reconsideration, R. 178, is granted. The Court's order of January 15, 2014, R. 175, is vacated, and the case is dismissed without prejudice, with each side to bear its own costs.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: May 7, 2014